OPINION OF THE COURT
Michael Wollin, J.
This is an ex parte motion for an order directing the manner and sale of real property.
The court has gleaned from the papers on file that the defendant was a shareholder of the plaintiff, a lending institution, and agreed jointly with his wife, to repay $12,000 of which there was a balance of $8,411 in March, 1979, less a share credit in favor of the defendants in the amount of $354.51, leaving a net sum due of $8,056.49.
Subsequently an action was instituted against the defendants for the aforesaid sum and on the first cause of action on the loan, a default judgment was entered in the sum of $10,714.89 including costs and on the second cause of action for counsel fees, a default judgment was entered in the sum of $2,721.18 including costs.
The defendants own premises known as 844 Broadway, Brooklyn, New York.
*1117 After judgment the plaintiff moved in the Civil Court for an appointment of a receiver of the above premises and the defendants represented by counsel appeared in opposition. The court granted the motion and a receiver was appointed on June 20, 1978 and, after rendering an accounting, was discharged on February 15, 1979.
The New York City Civil Court Act delineates the jurisdiction of the court, except for the powers conferred upon it pursuant to the rules of the Appellate Division, Second Department (CCA, §§ 201-212).
While the court is not concerned with the appointment and discharge of the receiver of the subject real property to satisfy the money judgment, it does feel that the appointment was not authorized pursuant to the Civil Court Act. (CCA, § 209, subd [c]; § 1508).
This court is not empowered to direct the sale of real property and is statutorily prohibited by the following sections of the act.
The relevant part of section 1504 of New York City Civil Court Act states: "An execution issued out of this court may be levied only against personal property of the judgment-debtor.” It is further proscribed by section 1505 of the New York City Civil Court Act which in part states: "An execution out of this court may not be levied against real property.” and section 1506 is dispositive of the issue and states as follows: "Where the real property of the judgment-debtor has been duly attached under an order of attachment that has not been vacated, the execution may not issue out of this court. In such a case, a transcript of the judgment must be filed and docketed with the county clerk and the execution issued out of supreme court.”
The limited powers of the Civil Court relative to real property is recited in section 203 of the New York City Civil Court Act and it fails to grant the enforcement of a money judgment against real property.
The court comes to the irresistible conclusion that the relief which the movant seeks must be granted in the Supreme Court. Motion denied.